**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4044**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN HUSSEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-04-270)

Submitted:  March 27, 2006

Decided:  April 14, 2006

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James F. Sumpter, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael Elston, Michael C. Wallace, Sr., Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shawn Hussey appeals his convictions and sentence to 151 months in prison and five years of supervised release following his guilty plea to conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Hussey contends the district court erred under Fed. R. Crim. P. 11(b)(1)(G) by accepting his guilty plea without adequately informing him of the nature of the charges and abused its discretion by denying his pro se motion to withdraw his guilty plea at sentencing. We affirm.

Prior to accepting a guilty plea the district court must inform the defendant of, and determine that he understands, the nature of each charge to which he is pleading. Fed. R. Crim. P. 11(b)(1)(G). In reviewing the adequacy of its compliance with Rule 11, we accord deference to the district court's decision as to how best to conduct the mandated colloquy. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the defendant 'need not receive this information at the plea hearing itself.'" Id. at 117 (citations omitted). The district court may consider whether a written plea agreement exists and determine the plea is knowingly

and intelligently made on the basis of information received by the defendant prior to the plea hearing.  Id.

Because Hussey raises this issue for the first time on appeal, we review for plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  Thus, it is Hussey's burden to show: (1) error; (2) that was plain; (3) the error affected his substantial rights; and (4) this court should exercise its discretion to notice the error.  See United States v. Martinez, 277 F.3d 517, 529 (4th Cir. 2002).  To establish that his substantial rights were affected, Hussey must demonstrate that absent the error, he would not have entered his guilty plea.  See id. at 532. We may consider the entire record when determining the effect of any error on Hussey's substantial rights.  See Vonn, 535 U.S. at 74-75.

Hussey appears to contend the district court failed to comply with Rule 11(b)(1)(G) because it did not recite the elements of the charged offenses at his plea hearing.  However, we have "repeatedly refused to script the Rule 11 colloquy" or "to require the district courts to recite the elements of the offense in every circumstance."  United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996).  Hussey was informed of the charges in the criminal information and the plea agreement.  By sworn testimony, he affirmed to the district court that he had discussed the charges with counsel, understood the charges, and understood that the

- 3 -

Government had to prove every element making each charge a crime. Moreover, the district court properly determined that based on Hussey's stipulated statement of facts, the Government could have proven beyond a reasonable doubt every element of the crimes. Hussey fails to demonstrate that he did not understand the law in relation to the facts of his case or that his admitted conduct did not satisfy the elements of the crimes to which he pled guilty.

We also reject Hussey's claim that the district court erred by denying his pro se motion to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We have identified six factors for determining whether to allow a defendant to withdraw his guilty plea: (1) whether he has offered credible evidence that his plea was not knowing or voluntary; (2) whether he has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

At sentencing, Hussey claimed his trial counsel "intimidate[d] [him] with prison time" and he was "coerced into signing the plea." However, Hussey's sworn statement during the Rule 11 colloquy that he had not been threatened into pleading guilty is strong evidence of the voluntariness of his plea. See DeFusco, 949 F.2d at 119. In addition, a guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives such as prosecution on additional charges. See Bordenkircher v. Hayes, 434 U.S. 357, 363-65 (1978). Thus, we find Hussey's guilty plea was knowing and voluntary. We further find Hussey did not credibly assert his legal innocence, because he offered no evidence casting doubt on his guilt as to any element of either charge.

A defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on proceeding to trial. United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003). Our review of the record convinces us Hussey did not demonstrate his attorney's advice to plead guilty was in any way deficient, or that but for counsel's errors, he would not have pled guilty but would have insisted on going to trial.

- 5 -

Accordingly, we affirm Hussey's convictions and sentence. We grant Hussey's motion for leave to file a pro se supplemental brief and find the issues he asserts therein meritless.  We deny his motion to relieve or substitute appellate counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 6 -